**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Denise Lamothe, | ) | Civil Division |
| | ) | |
| Plaintiff, | ) | No. |
| v. | ) | |
| | ) | |
| HomeDeliveryLink, Inc. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

## COMPLAINT

AND NOW COMES Plaintiff Denise Lamothe ("Plaintiff," "Ms. Lamothe"), individually by and through the undersigned counsel, and brings this Complaint seeking legal and equitable relief for retaliation, hostile work environment, and wrongful termination against Defendant HomeDeliveryLink, Inc. ("HDL" or "Defendant") in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), and pendent state law claims arising under the provisions of the Texas Commission on Human Rights Act ("TCHRA") stating as follows:

## JURISDICTION AND VENUE

1. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, and 1391. This action is authorized and instituted pursuant to Title VII, and the TCHRA.

2. The unlawful employment practices and harassment were committed by Defendant in or around Houston, Texas, where Plaintiff worked for Defendant as an Assistant Account Executive. Therefore, the United States District Court for the Southern District of Texas is the proper venue for the action under 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1391(b).

3. Plaintiff timely exhausted all administrative remedies by filing Charge Number 460-2024-07336 on May 17, 2024, with the United States Equal Employment Opportunity

1

Commission ("EEOC") after Ms. Lamothe was wrongfully terminated on December 7, 2023, by HDL. Plaintiff's Charge was dual filed with the Texas Workforce Commission and is incorporated by reference as if fully set forth herein. On April 15, 2025, the EEOC issued Plaintiff a Dismissal and Notice of Right to Sue letter (the "Right to Sue letter") advising the right to bring this action. Plaintiff has filed the instant suit within 90 days of receipt of the Right to Sue letter.

4.    Defendant is within the meaning of the Title VII, and the TCHRA.

## PARTIES

5.    Plaintiff Denise Lamothe can be found at 18135 Lundar Ln Tomball, TX 77377.

6.    At all relevant times, Defendant HDL was and is a domestic for-profit organization under corporate ownership operating in and under the laws of Texas. HDL's registered agent, Corporation Service Company dba CSC - Lawyers Incorporating Service Company, can be served at 211 E. 7th Street, Suite 620, Austin, TX, 78701-3218, USA. HDL is located in Texas.

## FACTS

7.    Ms. Lamothe started working at HomeDeliveryLink on August 14, 2010, as an AAE (Assistant Account Executive), was promoted to AE (Account Executive), then to Regional Director of Operations in 2016 under David Heckmann.

8.    In 2019, she was switched to working under Rick Sierra, a senior executive at the Company, and in 2021, she became an operations development manager by his order, a lower position in retaliation for her complaints.

9.    She handled hiring, interviewing, terminating, training, onboarding, recruiting contract carriers, assisting in the operation of troubled accounts, fixing those accounts, and training the managers to sustain accounts at a high level.

10. The one unsatisfactory review she received was from the perpetrator of her discrimination, Mr. Sierra. By all objective accounts, her performance was satisfactory.

11. Unfortunately, her time at HomeDeliveryLink was marred by gender discrimination and retaliation.

12. In her tenure with the Company, Ms. Lamothe continually experienced hostile behavior and harassment from Mr. Sierra for being a woman. Her reporting of these issues eventually led to her termination in retaliation for engaging in her protected activity.

13. In 2016-2017, Mr. Sierra fired a female employee by the name of Christina, who was Regional of Conns located in Denver. Mr. Heckmann told Ms. Lamothe that Mr. Sierra had let her go for "getting her nails done."

14. In response to this, Mr. Heckmann (then an Associate and now the President of HDL) warned Ms. Lamothe to stay away from Mr. Sierra.

15. This was telling of Mr. Sierra's aggressive and merciless demeanor toward women.

16. In 2019, after being promoted to Senior Vice President of Operations, Mr. Sierra stripped several accounts (two accounts in Pflugerville—Innovell and Living Spaces—and three accounts in San Antonio with Innovell) from Ms. Lamothe, a woman, and gave them to another employee, Rico Hazlet, a man.

17. When she inquired, she was told that she needed to be an account executive for another region, leaving her helpless while her male counterpart was promoted and given her hard-earned accounts without hesitation.

18. Ms. Lamothe expressed her disagreement with this decision. Mr. Hazlet told Ms. Lamothe she was lucky not to be fired based on what Mr. Sierra had said about her directly to him.

19.    In response to Ms. Lamothe's dismay, Mr. Sierra met individually with Ms. Lamothe in the conference room, verbally abused her, calling her a "piece of shit" and threatening to further reduce the size of her region.

20.    Ms. Lamothe once again stated this was not right and was told that her thoughts did not matter. Mr. Sierra had handicapped Ms. Lamothe's earning capability, based on her female gender, to compensate a male counterpart and harshly denied any reconciliation to her, threatened her further, and insulted her on the grounds that because she is a woman, her "thoughts do not matter."

21.    During this time, Ms. Lamothe's mother-in-law was diagnosed with Alzheimer's and pancreatic cancer, requiring Ms. Lamothe to provide care for her at home while frequently traveling abroad for work.

22.    In 2020-2021, Ms. Lamothe reached a breaking point and sent an email to Mr. Sierra confronting and addressing his targeting of her for her gender. She also sent the email to Candy Levy, HR Representative, as she knew that she would likely get fired for standing up for herself.

23.    After Ms. Lamothe confronted Mr. Sierra about the continued and targeted harassment, she was demoted from being a regional to an operational development manager. Once again, her previous duties were given to a male counterpart, this time by the name of Jeffery Fenbert. This was once again targeting her for being a woman and in retaliation for expressing her disagreement with the continued gender discrimination she faced.

24.    On or around July-August 2020, at a QBR meeting in Houston with Mr. Sierra and Mr. Heckmann present, Ms. Lamothe detailed the targeted harassment and verbal abuse she received from Mr. Sierra. She mentioned that Mr. Sierra wanted to fire her, and the reason she was still with the Company was because of the help of Ms. Levy and Mr. Heckmann. Ms.

Lamothe also said how Mr. Sierra had told Mr. Hazlet, Ross Becker, Regional Director, Teddy Luna, Regional Director and later Senior Regional Director, and Christopher Virnelson, Account Executive, that Ms. Lamothe did not know anything about Operations and how untalented she was and that she needed to be gone. To ensure she would leave, he said he was going to bully her into quitting.

25.    In Ms. Lamothe's tenure with the Company, Mr. Sierra, Mr. Virnelson, and Mr. Hazlet (all men) had banded together and targeted Ms. Lamothe on the basis that she is a woman. She had never been spoken about poorly by anyone but those three men and maintains to this day that she was loyal to the Company and its management, with this meeting having been the first time she spoke differently about her upper management.

26.    Ms. Lamothe turned down several high-paying job offers out of loyalty to HDL. However, her supervisor, Mr. Sierra continued to target Ms. Lamothe for her gender, despite the President of the Company himself hearing what had happened.

27.    The harassment and verbal abuse from Mr. Sierra continued. This included an incident where he berated Ms. Lamothe for not arriving early enough at a worksite called Ashley Houston (even though she had sent an email to Mr. Heckmann and Mr. Sierra showing she had to sign a Do Not Resuscitate form on behalf of her mother-in-law). Ms. Lamothe at this time needed to handle matters related to the failing health of her mother-in-law, who ultimately passed away in November 2020, while Ms. Lamothe was on a work call. More specifically, Ms. Lamothe was with her mother-in-law in Lake Tahoe, as being there was her mother-in-law's last dying wish. Mr. Sierra called Ms. Lamothe, verbally harassed her, and said he had taken Resto and Ethan Allen (two more accounts) and once again given them to another male counterpart, Matt Clinger.

28. On December 7, 2023, Ms. Lamothe was suddenly terminated by Mr. Sierra via telephone in retaliation for her reporting her concerns about gender discrimination. When she asked why, he simply told her, "Unfortunately, we are laying you off." When she asked him why again, he said, "We are just ending the relationship," with no further comment. The vague explanation provided for her termination was a pretext intended to conceal the Company's failure to address her complaints of gender discrimination.

29. Ms. Lamothe performed to the highest degree for the Company, dedicating herself for more than a decade with her loyalty and hard work.

30. On April 15, 2025, Ms. Lamothe received her Notice of Right to Sue from the United States Equal Employment Opportunity Commission.

31. All administrative remedies have been exhausted.

**COUNT I**
***Denise Lamothe v. HDL***
**TITLE VII– GENDER DISCRIMINATION AND RETALIATION**

32. Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein at length.

33. Title VII prohibits employers from discriminating against employees on the basis of gender with respect to compensation, terms, conditions, or privileges of employment. At all relevant times, Defendant was an "employer" within the meaning of Title VII.

34. Plaintiff, a female, was employed by Defendant from August 14, 2010, until her wrongful termination on December 7, 2023. During her tenure, Plaintiff was subjected to discriminatory treatment by her supervisor, Rick Sierra, and other male colleagues, solely based on her gender.

35. Plaintiff was demoted from her position as Regional Director of Operations to Operations Development Manager in 2021, a lower position, in retaliation for her complaints about gender discrimination. Her duties were reassigned to male counterparts, despite her satisfactory performance.

36. Plaintiff was subjected to a hostile work environment, characterized by verbal abuse and derogatory comments from Mr. Sierra, who explicitly stated that her "thoughts do not matter" because she is a woman. This conduct was pervasive and severe, creating an intimidating and offensive work environment.

37. Plaintiff reported the discriminatory conduct to Human Resources and other senior management, including a detailed account of the harassment and verbal abuse during a meeting in Houston. Despite these reports, Defendant failed to take appropriate remedial action, allowing the discriminatory conduct to continue unabated.

38. On December 7, 2023, Plaintiff was terminated by Mr. Sierra under the pretext of a layoff. The termination was, in fact, a retaliatory act for Plaintiff's complaints about gender discrimination and her engagement in protected activities under Title VII.

39. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered substantial harm, including lost wages, emotional distress, mental anguish, and damage to her professional reputation.

40. Defendant's actions were intentional, malicious, and in reckless indifference to Plaintiff's federally protected rights under Title VII.

41. WHEREFORE, Plaintiff seeks the damages set forth in the ad damnum clause of this Complaint, *infra*.

## COUNT II

*Denise Lamothe v. HDL*
**TCHRA – DISCRIMINATION, RETALIATION, AND WRONGFUL TERMINATION**

42.    Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein at length.

43.    This is an action arising under the provisions of the laws of the TCHRA, and this Honorable Court has exercised and should exercise pendent jurisdiction over the same because the cause of action set forth in this COUNT II arises out of the same facts, events, and circumstances as in COUNT I above, and therefore judicial economy and fairness dictate that this COUNT II be brought in this same Complaint.

44.    At all times relevant, Defendant was an "employer" within the meaning of Section 21.002(8A) of the TCHRA.

45.    By engaging in the creation and fostering of a discriminatory, retaliatory, and hostile work environment; and ultimately wrongfully terminating Ms. Lamothe, Defendant HDL violated Section 21.051 of the TCHRA, which prohibits discrimination and retaliation based on gender with regard to the continuation and tenure of employment.

46.    Ms. Lamothe was intentionally discriminated against on the basis of her gender, in violation of the TCHRA.

47.    The discriminatory conduct, retaliation, and wrongful termination described above have caused Plaintiff substantial harm, including but not limited to lost wages, emotional distress, mental anguish, anxiety, humiliation, embarrassment, pain and suffering, discomfort and inconvenience, and medical expenses.

48.    The discriminatory conduct and harassment to which Ms. Lamothe was subjected, as described above, would have detrimentally affected a reasonable person in her position.

8

49.    Defendant HDL knew or should have known about the discriminatory conduct and retaliation to which Ms. Lamothe was subjected, but they failed to take appropriate remedial action.

50.    Defendant's failure to maintain a workplace free of harassment and to take prompt remedial action to address the gender discrimination and retaliation to which Ms. Lamothe was subjected was intentional, malicious, and in reckless indifference to her protected state rights.

51.    Ms. Lamothe engaged in a protected activity as described by the TCHRA, which included voicing her concerns of gender discrimination on several occasions.

52.    Defendant was aware of Ms. Lamothe's protected activities.

53.    Defendant HDL's termination of Ms. Lamothe violated the TCHRA.

54.    Defendants' retaliatory conduct toward Ms. Lamothe as a result of her engaging in protected activities remains a violation of the TCHRA.

55.    Defendant's retaliatory conduct was intentional, malicious, and in reckless indifference to Ms. Lamothe's protected state rights.

56.    WHEREFORE, Plaintiff seeks damages, including punitive damages under the TCHRA, set forth in the ad damnum clause of this Complaint, infra.

## PRAYER FOR RELIEF and DEMAND FOR JURY

WHEREFORE, Plaintiff demands judgment against Defendant and damages in excess of $75,000 as follows:

a.    That Plaintiff be awarded actual, consequential, compensatory, and punitive damages to make Plaintiff whole, including back pay with pre-judgment interest, front pay, and compensation for lost benefits, in an amount to be proven at trial, and other affirmative relief necessary to eradicate the effects of Plaintiff's damages associated with Defendant HDL's discrimination, retaliation, harassment, hostile treatment, and wrongful termination of Ms. Lamothe pursuant to Title VII, the TCHRA, and

9

corresponding state law claims, plus interest;

b.  That Plaintiff be awarded compensatory damages to compensate for all costs associated with the discrimination, retaliation, harassment, hostile work environment, and wrongful termination, including lost wages and medical expenses;

c.  That Plaintiff be awarded nominal damages;

d.  That Plaintiff be awarded punitive damages in an amount sufficient to punish Defendant HDL for their intentional, wanton, and malicious conduct and to deter similar misconduct;

e.  That Plaintiff be awarded the costs of this litigation, including reasonable attorney's fees;

f.  That the Court enter a judgment declaring Defendant HDL's actions to be unlawful and in violation of Title VII;

g.  That the Court enter a judgment declaring Defendant HDL's actions to be unlawful and in violation of the TCHRA;

h.  That the Court award Plaintiff compensatory damages as a result of Defendant HDL's violations of the TCHRA;

i.  That Defendant HDL be required to compensate Plaintiff for lost benefits, including profit-sharing and/or pension benefits;

j.  That Plaintiff receive an award of pre-judgment interest;

k.  That Plaintiff be awarded such further relief as deemed to be just and proper;

Date:   June 17, 2025                    Respectfully submitted,


_/s/ Alvin Adjei_____
Alvin Adjei
Texas Bar: 24082259
Federal Bar: 2985474
HKM Employment Attorneys LLP
1201 Fannin St., Suite 202
Houston, TX 77002
Telephone: 832-356-2684
Fax: 832-356-2684
aadjei@hkm.com

**ATTORNEY FOR PLAINTIFF**